## Wolf et al. v. Lisker

*Skaroff & Skaroff*, for plaintiffs.
*George T. Steeley*, for defendant.

ALESSANDRONI, J., January 25, 1954. — Petitioner is defendant in an action in equity brought by plaintiff to enforce a restrictive covenant, and to recover a sum of money due plaintiff from defendant. The matter is at issue; defendant filed this petition for a rule to produce and permit the inspection of the books, records, accounts, documents, financial statements, papers, copies of the partnership income tax returns, and a letter dated October 27, 1951; said inspection to be made before trial.

Plaintiff and defendant were for some time partners, trading as Hi-Grade Food Distributors. An agreement was executed on November 19, 1951, whereby plaintiff Wolf purchased defendant's interest in the partnership. Defendant agreed not to engage for a period of two years and within 50 miles of Philadelphia in any similar business. On October 27, 1951, defendant agreed, by letter, to return "any and all monies that may be sent me, as a refund on taxes or allowances or credits as a result of the above mentioned [partnership] losses." Defendant admits that he received a refund of $978.24 on his 1951 income tax.

The issues of this case are very basic: Is defendant in a similar business in violation of his agreement? Plaintiff's books, records, etc., have no relevancy to this issue. Plaintiff will have to establish as a matter of fact, just what kind of a business it is engaged in.

With regard to the refund, defendant admits the refund. He admits that it was the result of "carryback" provisions of the Federal income tax statute. His answer admits the letter, but states that "there was no consideration for said letter . . . or for de-

fendant's promise set forth therein." Defendant has a copy of the letter.

Here again the relevancy of the partnership records is shrouded in mystery. Defendant's defense is lack of consideration; if plaintiff proves consideration, then defendant must pay.

Defendant's petition is within the scope of Pa. R. C. P. 4011(c) (4), which denies inspection where it is not necessary to prepare the pleadings or prove a defense.

### Order

And now, to wit, January 25, 1954, defendant's rule to produce documents for inspection before trial is discharged.